UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEONG-SUK NO,

                              Plaintiff,

                    -against-

CIA/FBI/NSA,

                              Defendants.

19-CV-11405 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. By order dated March 6, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The

Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ.

P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action against the CIA, FBI, and NSA. He checks the box indicating that he brings this action under the Court's diversity of citizenship jurisdiction. Plaintiff asserts that he is a citizen of the Republic of Korea, and writes, "applying for dual citizenship of both RoK & USA." (ECF No. 2, at 2.) He provides a New York, New York address for himself.

The complaint is not a model of clarity. Plaintiff does not allege what his claims are or provide any facts to support them. In the relief section of the complaint, he asserts the following, verbatim:

> Injury recovery
> (Violence) should be stopped.
> (Torture) Rehabilitation
> Remedy/Restitution/Compensation/etc
> Personal Data Protection
> More details will be added with my lawyers.
> Etc
> Life/Liberty/Freedom/Etc.

(ECF No. 2, 6 ¶ IV.)

## DISCUSSION

After Plaintiff repeatedly filed cases that were dismissed as frivolous and for failure to state a claim, on February 10, 2020, the Court directed him to show cause why he should not be

barred from filing any further actions in this Court IFP without first obtaining permission from the Court to file his complaint. *See No v. Republic of Korea*, ECF 1:20-CV-0655, 5 (S.D.N.Y. Feb. 10, 2020) (listing Plaintiff's litigation history). On February 25, 2019, the Court barred Plaintiff from filing future civil actions IFP without first obtaining the Court's permission. *See* ECF 1:20-CV-0655, 8. Plaintiff filed this action before the Court directed him to show cause why he should not be barred.

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there does not appear to be any legal theory on which Plaintiff can rely to support this complaint. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This action is a continuation of Plaintiff's pattern of frivolous and vexatious litigation.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Since filing this complaint, Plaintiff has submitted over a dozen documents to the Court. Plaintiff labels many of his submissions as "affidavits" or "evidence," and virtually all of them are illegible. (*See, e.g.*, ECF Nos. 4, 6-12, 14-22.) In light of the Court's determination that this action is frivolous, the Court denies to Plaintiff any relief he may be seeking in these submissions.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is also instructed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 10, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge